UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES WALTER CLARK,**

        Plaintiff,

  v.

**STATE OF IDAHO, IDAHO STATE INDUSTRIAL COMMISSION, IDAHO STATE INSURANCE FUND, RACHEL M. O'BAR, and LYNN M. LUKER,**

        Defendant.

Case No. 3:14-cv-1497-ST

FINDINGS AND RECOMMENDATIONS TO GRANT IN FORMA PAUPERIS AND TO DISMISS

**STEWART, Magistrate Judge:**

Plaintiff, James Walter Clark, who is representing himself, has applied to proceed *in forma pauperis*. Because plaintiff indicates that he has no income or assets, his Application to Proceed *In Forma Pauperis* (docket #1) should be granted. However, for the reasons set forth below, his Complaint should be dismissed with prejudice and his Motion for Appointment of Pro Bono Counsel (docket #3) should be denied as moot.

### STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for

1 – FINDINGS AND RECOMMENDATIONS

lack of jurisdiction."). Similarly, although not a jurisdictional issue, courts in the Ninth Circuit must decide as a threshold issue whether sovereign immunity under the Eleventh Amendment bars the plaintiff's claims. *Coal. to Defend Affirmative Action v. Brown*, 674 F3d 1128, 1133 (9th Cir 2012).

Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*, 550 US at 555. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

///

///

2 – FINDINGS AND RECOMMENDATIONS

## **ALLEGATIONS**

According to the lengthy "brief" and exhibits attached to the Complaint, Clark seeks to overturn the final decision of the Idaho State Industrial Commission's Findings of Fact and Conclusions of Law and Order dated May 2, 2012, and a subsequent decision by the Idaho Supreme Court affirming that Order. As relief, he requests that this court grant him workers' compensation benefits and make the State of Idaho continue his treatments and medication and provide retraining to which he is entitled. In the alternative, he seeks to have defendants pay him unspecified damages based on a violation of his unspecified constitutional right to workers' compensation.

As best as this court can discern from Clark's rambling and disorganized brief, he suffered an on-the-job injury to his right arm on April 17, 2008, in the State of Idaho. Because he was forced to return to work on June 5, 2008, before he had recovered from his injury, he filed a complaint against the Idaho State Insurance Fund. It is unclear what happened with respect to that complaint. In any event, Clark accuses the Idaho State Industrial Commission, Rehabilitation Division, of committing fraud on May 29, 2008 by withholding a jobsite evaluation by Clark's former treating doctor, which he uncovered on July 25, 2008. Clark also accuses the Idaho State Insurance Fund of committing fraud with respect to an unauthorized or altered release of his unrelated private medical records used at a November 18, 2010 hearing to determine if he still needed continued medical treatment for his Post-Traumatic Stress Disorder ("PTSD"). He makes numerous other allegations that are difficult to comprehend.

Defendant Rachel O'Bar ("O'Bar") of Anderson, Julian & Hull LLP in Boise, Idaho, represented defendants. During 2010, Clark was represented by defendant Lynn Luker ("Luker"), an attorney and Idaho legislator. He complains that Luker did not keep him informed

of the progress of his case, did not adequately represent him, only wanted him to settle, quit in late December 2010, then apparently obtained an attorney's lien for $4,689.00, and now seeks 25% of any eventual settlement.

## FINDINGS

A review of the Complaint reveals that the Eleventh Amendment bars Clark's claims against the State of Idaho and its agencies, and this court lacks jurisdiction over whatever claims Clark is attempting to allege against the individual defendants.

### I.    Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution bars suit in federal court against a state, an agency acting under its control, or a state officer in his official capacity. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993); *Belanger v. Madera Unified Sch. Dist.*, 963 F2d 248, 254 (9th Cir 1992), *cert. denied*, 507 US 919 (1993). There are two exceptions to the Eleventh Amendment protection: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-40 (1985), quoting *Edelman v. Jordan*, 415 US 651, 673 (1974) (internal quotation marks and additional citation omitted).

The State of Idaho has not made a general waiver of its Eleventh Amendment sovereign immunity. *See Hickman v. State Sch. & Hosp.*, 339 F Supp 463 (D Id 1972). Thus, plaintiff cannot sue the State of Idaho or any of its agencies, including the Idaho State Industrial Commission or Idaho State Insurance Fund, in this court.

The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F3d 963, 967 (9th Cir 2010) (citation omitted), *cert. denied* 131 S Ct 1678 (2011).  However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F2d 697, 704 (9th Cir 1992) (citations omitted).  Since plaintiff does not seek any declaratory or injunctive relief against any individual defendant, this court lacks jurisdiction over all of his claims against Luker in her official capacity as a state legislator.  That leaves only potential claims against O'Bar and Luker in their personal capacities.  However, as explained below, this court lacks jurisdiction over the individual defendants.

## II.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989).  A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress.  *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert. denied*, 503 US 936 (1992).

Jurisdiction may be based on a federal question which requires the plaintiff to plead that a defendant has violated a federal law or provision of the United States Constitution.  28 USC § 1331.  Alternatively, jurisdiction may be based on diversity which requires that all parties to an action be "citizens of different states" and that the amount in controversy exceed $75,000.00.  28 USC § 1332(a).  A natural person's state citizenship is determined by his or her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001).  Clark has checked

5 – FINDINGS AND RECOMMENDATIONS

the boxes on the form Complaint to invoke both diversity jurisdiction and federal question jurisdiction.

Because Clark alleges that he is a citizen of Washington and all defendants are citizens of Idaho, he invokes jurisdiction based on diversity of citizenship. However, nowhere does the Complaint allege that the amount in controversy exceeds $75,000.00. Conceivably Clark seeks to recover benefits, treatment, medications, and retraining which total more than $75,000.00. However, without such an allegation, this court lacks diversity jurisdiction.

Even though Clark alleges that this court has federal question jurisdiction, he fails to identify any violation by either O'Bar or Luker of any specific provision of the Constitution, laws or treaties of the United States. Compensation paid to workers for on-the-job injuries is a creation solely of state law, not federal law. Clark does make some passing reference to a denial of due process. Under the Fourteenth Amendment, a state may not deprive a person of life, liberty, or property without due process of law. However, Clark wholly fails to allege facts as to what due process he was denied by Idaho's workers compensation process.

Thus, the Complaint fails to allege the facts and claims necessary to invoke either diversity or federal question jurisdiction.

### III.   Failure to State a Claim

Assuming that Clark's potential claims against O'Bar and Luker are based on § 1983 for violation of his constitutional rights, his Complaint is deficient for several other reasons. When a plaintiff seeks damages for a violation of his constitutional rights, he must allege a claim under 42 USC § 1983. To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under

color of state law.  *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert. denied*, 508 US 951 (1993); *Lopez*, 939 F2d at 883.

First, a claim under 42 USC § 1983 can be stated only against a person acting "under color" of state law and precludes a claim against private parties.  Clark's own attorney, Luker, is a private party and not an employee of any governmental entity.  Thus, Luker was not acting "under color" of state law and cannot be held liable under § 1983 absent evidence that the defendant conspired with state officials to deprive Clark of a federal right.  *See Kimes v. Stone*, 84 F3d 1121, 1126 (9th Cir 1996).  No such conspiracy is alleged.

Second, a claim under § 1983 must be filed within a certain period of time after the alleged violation of a constitutional right.  It is obvious from the allegations in the Complaint that plaintiff's constitutional claims are time-barred.  Because § 1983 and most related federal civil statutes have no independent statute of limitations, the applicable limitation period is borrowed from the forum state.  *Wilson v. Garcia*, 471 US 261, 279-80 (1985).  Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes.  *McDougal v. Cnty. of Imperial*, 942 F2d 668, 673 (9th Cir 1991).  In Oregon and Idaho, this period is two years.  ORS 12.110(1); Idaho Code § 5-219(4); *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989).  All of Clark's claims arise from actions taken by O'Bar and Luker in 2008 and 2010.  Clark filed the Complaint on September 14, 2014, about four years later.  Therefore, any claim under § 1983 is clearly time-barred.

Third, a litigant may not relitigate in federal court those issues decided by a state court.  "[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. Of Ed.*, 465 US 75, 83 (1984).  Even though a

state court judgment may erroneously decide constitutional or federal law issues, this court lacks jurisdiction to engage in appellate review of that judgment. *Texaco, Inc. v. Pennzoil Co.*, 784 F2d 1133, 1141 (2nd Cir 1986), *rev'd on other grounds*, 481 US 1 (1987). "If the constitutional claims presented to a United States District Court are inextricably intertwined" with the merits of a judgment rendered in a state court proceeding, "then the District Court is in essence being called upon to review the state court decision. This the District court may not do." *D.C. Court of Appeals v. Feldman*, 460 US 462, 483 n16 (1983). A claim is

> inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of that state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 US 1, 25 (1987) (Marshall, J., concurring); *accord Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F3d 508, 512 (8th Cir 1999) (a federal claim is inextricably intertwined with a state court judgment when "the relief requested in the federal action would effectively reverse the state court decision or void its ruling").

Because Clark is seeking to overturn a judgment entered by an Idaho court with respect to his workers compensation award, his claim cannot be brought in federal court. Since this is the relief that Clark seeks, it is unclear why he is suing O'Bar and Luker who cannot provide that relief. If he has some other claim against O'Bar and Luker for damages, then he has made no attempt to allege it.

## IV.    **No Personal Jurisdiction**

And even if Clark adequately stated some claim against O'Bar and Luker based on diversity jurisdiction or federal question jurisdiction, this court clearly has no personal jurisdiction over either of them. Personal jurisdiction may be conferred by state law or with

constitutional principles of due process. *See Int'l Shoe Co. v. Wash.*, 326 US 310 (1945). Where, as in Oregon, the state and federal limits are coextensive, *State ex rel. Hydraulic Servocontrols, Inc. v. Dale*, 294 Or 381, 384, 657 P2d 211 (1982), the court must determine whether the exercise of jurisdiction comports with federal constitutional principles of due process.

Even if a non-resident's contacts with the state are not substantial, the court may have "specific" jurisdiction over him. *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F2d 1392, 1397 (9th Cir 1986). To determine whether "specific" jurisdiction exists, courts consider three things. The defendant must have purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws. *Id* at 1396 (citations omitted). The claim must also arise out of the defendant's forum-related activities. *Id*. Finally, the exercise of jurisdiction must be reasonable. *Id*. Since all of the alleged conduct by O'Bar and Luker occurred in Idaho, not Oregon, this court has no personal jurisdiction over either of them.

## V.    **Futility of Amendment**

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations in the Complaint as true and construing all inferences in Clark's favor, this court concludes that it has no jurisdiction over Clark's claims against the State of Idaho, its agencies, including the Idaho State Industrial Commission or the Idaho State Insurance Fund, and officials acting in their official capacity. In addition, this court has no diversity jurisdiction, federal question jurisdiction, or personal jurisdiction over the remaining defendants. Those deficiencies in the Complaint cannot be cured by amendment.

## RECOMMENDATIONS

For the reasons set forth above, Clark's Application to Proceed *In Forma Pauperis* (docket #1) should be granted, but the Complaint should be dismissed with prejudice based on lack of jurisdiction and the Motion for Appointment of Pro Bono Counsel (docket #3) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Thursday, November 06, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  October 20, 2014.

                                                  s/ Janice M. Stewart
                                                  Janice M. Stewart
                                                  United States Magistrate Judge